AO 245B   (Rev. 3/01) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

<table>
<tr><td>EASTERN</td><td>District of</td><td>NEW YORK</td></tr>
</table>

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| **V.** | (For Offenses Committed On or After November 1, 1987) |
| PEYSAKH DADASHEV | Case Number:   CR 02-440(RJD) **AMENDED** |

ADRIAN DILUZIO, ESQ. & DAVID NENNER, ESQ.
Defendant's Attorney

## THE DEFENDANT:

X   pleaded guilty to count(s)   one(1) of two count indictment.

☐   pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐   was found guilty on count(s) _____
after a plea of not guilty.

**ACCORDINGLY**, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21: U.S.C. 846 and 841(b)(1)(C) | CONSPIRACY TO DISTRIBUTE AND POSSESS WITH INTENT TO DISTRIBUTE MDMA.. | 3/12/02 | 1 |

The defendant is sentenced as provided in pages 2 through ___6___ of this judgment.   The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐   The defendant has been found not guilty on count(s) _____

X   Count(s)   ALL OPEN COUNT(S)   is   X   are   dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.:   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

Defendant's Date of Birth:   MARCH 24, 1980

Defendant's USM No.:   61028-053

Defendant's Residence Address:

119 LENZIE STREET

STATEN ISLAND, NEW YORK 10312

Defendant's Mailing Address:

JULY 29, 2003
Date of Imposition of Judgment

s/ Judge Raymond J. Dearie
Signature of Judicial Officer

RAYMOND J. DEARIE, UNITED STATES DISTRICT JUDGE
Name and Title of Judicial Officer

APRIL 4, 2006
Date

AO 245B   (Rev. 3/01) Judgment in Criminal Case
          Sheet 2 — Imprisonment

Judgment — Page __2__ of __6__

DEFENDANT:          PEYSAKH DADASHEV
CASE NUMBER:        CR 02-440

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total total term of   __78 MONTHS__   .

X   The court makes the following recommendations to the Bureau of Prisons:
    IF CONSISTENT WITH THE BUREAU OF PRISONS POLICIES, PRACTICES AND GUIDELINES, THE COURT
    RECOMMENDS THAT DEFENDANT BE ENROLLED IN THE 500 HOUR DRUG PROGRAM.  THE COURT FURTHER
    INVITES CONSIDERATION OF DESIGNATION TO FCI FORT DIX OR FCI OTISVILLE FOR FAMILY VISITATION
    REASONS.

☐   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

    ☐   at _____ ☐ a.m. ☐ p.m.   on _____ .

    ☐   as notified by the United States Marshal.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    before 2 p.m. on _____ .

    ☐   as notified by the United States Marshal.

    ☐   as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

    Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Case 1:02-cr-00440-ILG   Document 103   Filed 04/06/06   Page 3 of 6 PageID #: 24

| | | Judgment—Page __3__ of __6__ |
|---|---|---|

DEFENDANT:        PEYSAKH DADASHEV
CASE NUMBER:   CR 02-440

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term    3 YEARS.                                         .

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994*:

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

☐   The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)   the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)   the defendant shall support his or her dependents and meet other family responsibilities;

5)   the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)   the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)   the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)   the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)   the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13)   as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT:       PEYSAKH DADASHEV
CASE NUMBER:     CR 02-440

## SPECIAL CONDITIONS OF SUPERVISION

1) THE DEFENDANT SHALL PARTICIPATE IN SUBSTANCE ABUSE TREATMENT AS DIRECTED BY THE COURT THROUGH THE PROBATION DEPARTMENT.  TREATMENT MAY INCLUDE OUTPATIENT OR RESIDENTIAL TREATMENT AS DETERMINED BY THE PROBATION DEPARTMENT.

2) THE DEFENDANT SHALL ABSTAIN FROM ALL ILLEGAL SUBSTANCES AND ALCOHOL.

3) MENTAL HEALTH TREATMENT PROGRAM AS DIRECTED BY THE COURT THROUGH THE PROBATION DEPARTMENT.

4) DEFENDANT TO CONTRIBUTE TO THE COST OF SUCH SERVICES AS DIRECTED BY THE COURT THROUGH THE PROBATION DEPARTMENT.

DEFENDANT:       PEYSAKH DADASHEV
CASE NUMBER:    CR 02-440

# CRIMINAL MONETARY PENALTIES

    The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ | $ |

☐   The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐   The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

    If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| | | | |

| **TOTALS** | $ _____ | $ _____ | |

☐   If applicable, restitution amount ordered pursuant to plea agreement  $ _____

☐   The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐   The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

    ☐  the interest requirement is waived for the   ☐  fine and/or   ☐  restitution.

    ☐  the interest requirement for the   ☐  fine and/or   ☐  restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT:        PEYSAKH DADASHEV
CASE NUMBER:      CR 02-440

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A**    X    Lump sum payment of $ ___100.00___    due immediately, balance due

        ☐ not later than _____ , or
        ☐ in accordance with    ☐ C,    ☐ D, or    ☐ E below; or

**B**    ☐    Payment to begin immediately (may be combined with    ☐ C,    ☐ D, or    ☐ E below); or

**C**    ☐    Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $ _____ over a period of
        _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**    ☐    Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $ _____ over a period of
        _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
        term of supervision; or

**E**    ☐    Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐    Joint and Several

    Defendant Name, Case Number, and Joint and Several Amount:

☐    The defendant shall pay the cost of prosecution.

☐    The defendant shall pay the following court cost(s):

☐    The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.